The opinion of the Court was now delivered by
Smith, C. J.
After stating the case and the question, he observed that the Court had no doubt as to the right of towns to agree on divisional lines, as far as respected jurisdiction. A perambulation is the renewing of old bounds; but there may be instances *194 where no old line can be traced ; in such case, the selectmen doubtless may make marks.
But this is something more. In case of dispute between corporations respecting lines of jurisdiction, they may settle such disputes ; otherwise they must live for ever in a broil. A court of law cannot establish the line, but only declare, in particular cases, where it is. The legislature can, no doubt, alter and establish such lines at their pleasure; (a) such has been the practice. And this is an answer to the hardship complained of in this case, that an individual may, in this way, be unjustly removed from one corporation and made subject to another. He may appeal to the legislature.
There is no reason to apprehend that one town will surrender a portion of its territory and jurisdiction to another. No alteration can be made without the consent of the majority of both corporations. Certainly towns possess many powers more liable to abuse than that of settling disputes about lines. Indeed, it is generally of far more consequence that such disputes be settled than how they are settled.
In the present case, Atkinson and Salem have, by the intervention of arbitrators, established a line between them. But it is said this was only for a time. It is sufficient, if it was established when the present assessment was made.
According to any fair construction of the award, it is now binding. The twin oak is a bound between Atkinson and Salem. It is said that, in case, on some future perambulation, the twin oak should not be considered as the south-east corner bound of Londonderry, then the line now established shall be altered, and made conformable to the bound established between Londonderry and Atkinson. Before the line established by the award ceases to be the divisional line, the twin oak must cease to be considered as the south-east corner of Londonderry. It must cease to be considered as the true corner by Londonderry ; by Londonderry ’and Atkinson ; or by Londonderry, Atkinson, and Salem. It does not appear that it has ceased to be considered as the true corner by any per *195 son, except Currier, the plaintiff. The true meaning of the award seems to be this — that if, on a perambulation by Atkinson and Salem, they should agree on a corner other than the twin oak, or in case Atkinson and Londonderry should agree on another corner, and establish it, then the line now established is to be altered accordingly.
If the defendants had recognized any other line than that established in 1799 as the dividing line between Atkinson and Salem, they would have wilfully erred. The selectmen are bound to regard the line established by the towns, — the line which has been considered in fact as the true line, though never established.
It may well be doubted whether, in case no line had been established, but there were proof that, for more than twenty years, each town had ever used jurisdiction to a certain line, any evidence ought to be admitted, in an action of this sort, to show where the line actually is. This case is stronger than that. Here the towns have established a line. Till that is altered, the towns, and every individual in each, are bound by it. If either town, or any individual, is dissatisfied, they must apply to the legislature.
The evidence given by defendants is conclusive evidence of the line, till altered by the legislature or in the way pointed out in the award. It has not been altered in any way, and therefore the evidence offered by plaintiff was properly rejected. Judgment for defendants.[1]

 N. H. Laws, ed. 1797, 178-180; ed. 1805, 195, 204.

 Proprietors of adjoining townships were competent to settle the boundary line between them. Richardson, C. J., in Proprietors of Enfield v. Day, 1835, 7 N. H. 457, 467, 468.
As to power of selectmen to agree, in case of a disputed line, see Richardson, C. J., Gorrill v. Whittier, 1825, 3 N. H. 265, 267, 268; Gilchrist, J., in Bailey v. Rolfe, 1844, 16 N. H. 247, 251, 252; Henniker v. Hopkinton, 1846, 18 N. H. 98, 101; Sawyer, J., in Pitman v. Albany, 1857, 34 N. H. 577, 580, 581; Cushing, C. J., in Greenville v. Mason, 1876, 57 N. H. 385, 392.
By statute of Dec. 23, 1820, provision is made for the settlement of the line by a court, in case of disagreement of the selectmen; the judgment of the court to be “ of the same force and effect as would have been the agreement of the selectmen.” Laws of 1820, c. 85; Gorrill v. Whittier, *196 1825, 3 N. H. 265;. Lawrence v. Haynes, 1829, 5 N. H. 33. In the Revised Statutes of 1842, it was enacted that the decision of the court should be final. Rev. Stat. c. 37, § 6; Gen. Laws, c. 51, § 6. A judgment undér this statute is conclusive upon the parties in a suit against one of the towns, pending when the judgment was rendered. Pitman v. Albany, 1857, 34 N. H. 577. The jurisdiction of the court to settle disputed lines is not confined to cases where lines have been previously run and marked. Chatham’s Petition, 1846, 18 N. H. 227. As to matters of practice under the statute, see Boscawen v. Canterbury, 1851, 23 N. H. 188; 25 N. H. 225.
Perambulations by selectmen are evidence in suits between individuals, whose lots are bounded by the town lines. Lawrence v. Haynes, 1829, 5 N. H. 33; Adams v. Stanyan, 1852, 24 N. H. 405 (but see Bailey v. Rolfe, 1844, 16 N. H. 247). They are not conclusive. Sawyer, J., in Pitman v. Albany, ubi sup. 581; and see Greenville v. Mason, ubi sup.
If a line has been treated, for more than fifty years, as the correct one between the towns, it must be regarded as the true jurisdictional line, notwithstanding it differs from the calls of the charter: Hanson v. Russell, 1853, 28 N. H. 111; but a jurisdictional line thus established does not necessarily control the rights of private property : Eastman, J., in Hanson v. Russell, 117. (See Wells v. Jackson Iron Co., 1869, 48 N. H. 491, 538.) The fact that a certain part of a highway has for several years been treated by both the towns of A. and E. as being within the limits of E. is not conclusive evidence in favor of A., in a suit by an individual against that town, founded upon an alleged defect in that part of the highway. Pitman v. Albany, 1854, 29 N. H. 575. But if a town has exercised exclusive jurisdiction over a particular tract of land during the residence of an alleged pauper upon it, such town cannot afterwards be permitted to allege, in a settlement case, that the place of the pauper’s residence was, in fact, in another town. Plastow v. Kingstown, reported post; Northwood v. Durham, 1820, 2 N. H. 242.
As to correction by the legislature of a mistake in the charter boundaries, see Proprietors of Enfield v. Permit, 1830, 5 N. H. 280; s. c. 1837, 8 N. H. 512 (and see Proprietors of Enfield v. Day, 1835, 7 N. H. 457).